UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

| | |
|---|---|
| LORETTA MOORE, INDIVIDUALLY, AND AS ATTORNEY-IN-FACT FOR ELMO MOORE,<br><br>   Plaintiff,<br><br>v.<br><br>SANTANDER CONSUMER USA INC.<br><br>   Defendant. | Case No. 5:15-cv-222-TBR<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

\* \* \* \* \*

**PRELIMINARY STATEMENT**

1. This is an action for damages and declaratory judgment due to the unfair, deceptive, and illegal business practices of Santander Consumer USA Inc. ("Santander"). Santander is attempting to collect an invalid debt from the Moores, despite being put on notice that the debt is disputed, in violation of Title 15 of the United States Code, specifically, 15 U.S.C. § 1692 *et seq.*, (known as the "Fair Debt Collection Practices Act" or "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices in the collection of consumer debt, the Kentucky Consumer Protection Act, and Kentucky common law.

2. The Moores entered into a Retail Installment Contract for the purchase of a 2007 Nissan Altima in 2008, which had a total payment obligation of $41,911.20. To date, the Moores have paid $41,744.05, leaving a balance of $156.15. Despite that fact, Santander, a debt collector, has claimed in letters and telephone calls that the Moores owe $7,427.71 on the

Contract, has caused the Moores' vehicle to be repossessed, and has notified the Moores that it will sell their vehicle at a private auction on an unknown date and time.

3. The Moores have notified Santander that they dispute the validity of the alleged debt. Despite that notification, Santander has continued its abusive, unfair, and deceptive business practices to collect the invalid debt.

## PARTIES, JURISDICTION, AND VENUE

4. The Moores are residents of Tennessee.

5. Defendant Santander is a Texas Corporation that does extensive business within this judicial district. At all times material to this Complaint, Santander was engaged in the business of collecting consumer debt in the State of Kentucky and is a "debt collector" as that term is defined in the FDCPA.

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 in that this is a civil action arising under the laws of the United States.

7. Further, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that there is complete diversity of citizenship of the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

8. Venue in this District is proper because Santander transacts business in this District and the Contract was entered into in this District.

## FACTS

9. Loretta Moore and Elmo Moore are each a "consumer" as that term is defined in the FDCPA.

10. Elmo Moore has designated Loretta Moore as his attorney-in-fact.

11. On June 21, 2008, the Moores entered into a Retail Installment Contract with Nissan Motor Acceptance Corporation for the purchase of a 2007 Nissan Altima.

12. The Contract includes a precomputed finance charge of $15,738.09 and total payments of $41,911.20 to be paid over 72 payments of $582.10.

13. The Contract was immediately assigned to CitiFinancial Auto Corporation.

14. On April 17, 2009, CitiFinancial Auto Corporation sent to the Moores an Amendment Agreement, which purported to temporarily lower the Moores' payment amount and add a new interest rate onto the precomputed finance charge.

15. The Contract was later assigned to Santander at a time when, upon information and belief, Santander contends the account was in default.

16. On July 6, 2015, Santander sent a letter to the Moores, which stated that they were in default and owed $7,427.71 by July 19, 2015.

17. As of July 6, 2015, the Moore had paid $41,744.05 on the Contract, leaving a balance of $156.15.

18. On August 5, 2015, the Moores sent Santander a letter, in which they disputed the validity of the debt claimed by Santander.

19. To date, Santander has not contacted the Moores in response to that letter.

20. Instead, on or about September 29, 2015, Santander caused the Moores' vehicle to repossessed.

21. In response to phone calls from the Moores to Santander, Santander representatives acknowledged that the company received the Moores' August 5, 2015 letter disputing the validity of the debt.

22. On October 1, 2015, counsel for the Moores sent a letter to Santander, which again disputed the alleged debt, demanded return of the Moores' vehicle, and requested production of any documentation that supported the validity of the alleged debt.

23. To date, Santander has not responded to that letter.

24. On or about October 9, 2015, the Moores received a letter from Santander dated October 1, 2015, which notified the Moores that their vehicle would be sold at a private sale "sometime after 10/14/2015," but did not include a specific date, location, or time.

25. The notice did not give appropriate notice of the alleged debt.

26. On October 1, 2015, Santander knew or should have known that the Moores were represented by counsel.

27. As a consequence of Santander's conduct as described above, the Moores have been damaged in an amount to be determined at trial.

## COUNT 1:
## FAIR DEBT COLLECTION PRACTICES ACT

28. The Moores incorporate by reference the allegations previously set forth in this Complaint.

29. The actions detailed in Paragraphs 1 through 27 constitute multiple violations of the Fair Debt Collection Practices Act.  Specifically, Santander's actions constitute violations of 15 U.S.C. § 1692e(2), (5), (8) and (10), 15 USC § 1692f(1) and (6), and 15 USC § 1692g(a).

30. Santander's unlawful actions as set forth above caused the Moores to sustain actual damages in the form of mental and emotional distress, turmoil, worry, disgrace, embarrassment, stress, anxiety, and humiliation, entitling them to relief in the form of actual damages, statutory damages, attorney's fees, and costs.

## COUNT 2:
## KENTUCKY CONSUMER PROTECTION ACT

31. The Moores incorporate by reference the allegations previously set forth in this Complaint.

32. Santander's conduct, as described herein, constitutes unfair, unconscionable, false, misleading, and deceptive acts or practices in the conduct of a trade or commerce and thus violates Kentucky's Consumer Protection Act, KRS § 367.170, *et seq.*

33. In addition to compensatory damages, interest, expenses, and court costs, the Moores are entitled to punitive damages and an award of attorney fees in prosecuting this action.

## COUNT 3:
## WRONGFUL REPOSSESSION

34. The Moores incorporate by reference the allegations previously set forth in this Complaint.

35. Because the Moores did not owe the debt claimed by Santander, Santander's conduct in towing the Moores' vehicle or cause it to be towed constitutes violations of KRS 355.9-601, *et. seq.*

36. As a result of Santander's conduct, the Moores have suffered injury and damages in an amount to be determined at trial.

## COUNT 4:
## CONVERSION

37. The Moores incorporate by reference the allegations previously set forth in this Complaint.

38. The Moores had legal title to the vehicle when Santander towed it or caused it to be towed.

39. The Moores had the vehicle in their possession when Santander towed it or

5

caused it to be towed.

40. Santander exercised dominion over the vehicle in a manner that denied the Moores the right to use or enjoy the vehicle and allowed Santander to use and enjoy the vehicle.

41. Santander intended to interfere with the Moores' possession of the vehicle.

42. The Moores demanded return of the vehicle, which Santander refused without payment.

43. Santander's conduct caused the Moores to lose the vehicle.

44. As a result of Santander's conduct, the Moores have suffered injury and damages in an amount to be determined at trial.

## COUNT 5:
## DECLARATORY JUDGMENT

45. The Moores incorporate by reference the allegations previously set forth in this Complaint.

46. A dispute has arisen concerning the parties' rights and obligations under their contract.

47. An actual case and controversy exists between the Moores and Santander

48. Accordingly, the Moores request that this Court enter a declaratory judgment on an expedited basis, pursuant to 28 U.S.C. § 2201, declaring that contract is unenforceable and that Santander may take no actions to collect from the Moores on the contract, including but not limited to making any credit reports regarding the contract.

49. The Moores further requests this Court docket this matter for an early hearing pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57.

**PRAYER FOR RELIEF**

Wherefore, the Moores demand relief against Santander as follows:

a. Entry of a Judgment against Santander to compensate the Moores for damages to which they are entitled, including but not limited to actual, compensatory, statutory and punitive damages;

b. Interest on all of the aforementioned amounts at the maximum rate and for the maximum duration allowed by applicable law;

c. Trial by jury on all issues so triable;

d. An award of attorney's fees and costs herein incurred;

e. Any and all other relief to which the Moores may be entitled, including the right to amend this Complaint to add additional claims or additional parties after conducting appropriate discovery.

Respectfully submitted,

CRAIG HENRY PLC
James Craig
Aaron J. Bentley

___/s/ James Craig_____
239 S. Fifth Street, Suite 1400
Louisville, Kentucky 40202
Telephone: (502) 614-5962
Facsimile: (502) 614-5968
jcraig@craighenrylaw.com
abentley@craighenrylaw.com

*Counsel for Loretta Moore, Individually, and as Attorney-in-Fact for Elmo Moore*