**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**
**CIVIL ACTION NO. 5:15-CV-00222-TBR**

LORETTA MOORE, *individually and as attorney-in-fact for* Elmo Moore,                     Plaintiffs,

v.

SANTANDER CONSUMER USA INC.,                     Defendant.

**MEMORANDUM OPINION AND ORDER**

Loretta and Elmo Moore filed a five-count complaint against Santander Consumer USA Inc. for tortious conduct relating to the collection of an automotive loan. *See* R. 1 at 4–6, ¶¶ 28–49 (Complaint). Thereafter, Santander filed a motion to dismiss the Moores' complaint for failure to state a claim upon which relief can be granted. *See* R. 7 at 1 (Motion to Dismiss). While Santander's motion remained pending, the Moores asked to file an amended complaint, abandoning two of the original counts and supplementing the remaining three. *See* R. 8 at 1 (Motion for Leave to File Amended Complaint); *see also* R. 8-1 at 1–7, ¶¶ 1–49 (First Amended Complaint).

Because the Moores' sought leave to file an amended complaint while Santander's motion to dismiss was outstanding, the Court must first decide whether to grant leave to amend. *See Ellison v. Ford Motor Co.*, 847 F.2d 297, 300 (6th Cir. 1988); *Marks v. Shell Oil Co.*, 830 F.2d 68, 70 (6th Cir. 1987). Under Federal Rule of Civil Procedure 15(a)(2), the Court should freely allow a party to amend its pleading when justice so requires. Leave to amend is liberally granted, except where there is "undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the

1

opposing party, or futility of the amendment." *Brumbalough v. Camelot Care Ctrs., Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005) (citing *Coe v. Bell*, 161 F.3d 320, 341–42 (6th Cir. 1998)); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). Ultimately, the decision to grant or deny leave "is committed to [this Court's] sound discretion." *Moore v. City of Paducah*, 790 F.3d 557, 559 (6th Cir. 1989); *see also Ruschel v. Nestlé Holdings, Inc.*, 89 F. App'x 518, 521 (6th Cir. 2004).

Here, there has been no showing that the Moores either unduly delayed before asking to amend, or acted in bad faith. While Santander vaguely asserts that "the proposed amendment would be futile," R. 10 at 2 (Reply in Support of Motion to Dismiss and Response to Motion for Leave to File Amended Complaint), it does not develop that argument further, and so the Court declines to address it. *See Kuhn v. Washtenaw Cty.*, 709 F.3d 612, 624–24 (6th Cir. 2013) (holding "arguments averted to in only a perfunctory manner" are waived) (citing *Caudill v. Hollan*, 431 F.3d 900, 915 n.3 (6th Cir. 2005))); *Gen. Star Nat'l Ins. Co. v. Administratia Asigurarilor de Stat*, 289 F.3d 434, 441 (6th Cir. 2002) (same). Nor has Santander explained why it would be unduly prejudiced by the proposed amendment. Accordingly, the Court will grant the Moores leave to file an amended complaint.

Because the Moores amended complaint supersedes the original complaint, Santander's motion to dismiss the original complaint is moot. *See Ky. Press Ass'n, Inc. v. Kentucky*, 355 F. Supp. 2d 853, 857 (E.D. Ky. 2005) (citing *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000)); *Glass v. Kellogg Co.*, 252 F.R.D. 367, 368 (W.D. Mich. 2008); *see also Othen v. Ann Arbor Sch. Bd.*, 699 F.2d 309, 311 (6th Cir. 1983) ("It is clear that the amended complaint superseded the original complaint.").

Once docketed, Santander is free to move to dismiss the amended complaint. The Court makes no judgment as to the merits of such a motion.

**IT IS HEREBY ORDERED** that the Moores' Motion for Leave to File First Amended Complaint (R. 8) is **GRANTED**. The Clerk of the Court is **DIRECTED** to docket the attached First Amended Complaint (R. 8-1).

**IT IS FURTHER ORDERED** that Santander Consumer USA Inc.'s Motion to Dismiss (R. 7) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that a Telephonic Scheduling Conference is **SET** for **April 6, 2016, at 10:00 a.m. CST**. The Court shall place the call.

**IT IS SO ORDERED.**

Date:

cc: Counsel of Record