UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

| | | |
|---|---|---|
| LORETTA MOORE, INDIVIDUALLY, | ) | |
| AND AS ATTORNEY-IN-FACT FOR | ) | |
| ELMO MOORE | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 5:15-CV-00222-TBR |
| | ) | |
| v. | ) | |
| | ) | |
| SANTANDER CONSUMER USA INC. | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

\* \* \* \* \*

**FIRST AMENDED COMPLAINT**

**PRELIMINARY STATEMENT**

1.      This is an action for damages and declaratory judgment due to the actions of
Santander Consumer USA Inc. ("Santander").  Santander repossessed and sold Plaintiffs' vehicle
even though Plaintiffs were not in default, in violation of Kentucky statutes and common law.

2.      The Moores entered into a Retail Installment Contract for the purchase of a 2007
Nissan Altima in 2008. Santander, an assignee of the Contract, has claimed in letters and
telephone calls that the Moores have defaulted on the terms of the Contract, owe $7,427.71 on
the Contract, has caused the Moores' vehicle to be repossessed, and has sold the Moores'
vehicle.

3.      The Moores were not in default when Santander made those claims.  The Moores
have notified Santander that they dispute the validity of the alleged debt.  Despite that
notification, Santander refused to return the Moores' vehicle and eventually sold the vehicle.

## PARTIES, JURISDICTION, AND VENUE

4.      The Moores are residents of Tennessee.

5.      Defendant Santander is a Texas Corporation that does extensive business within this judicial district.

6.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 in that this is a civil action arising under the laws of the United States.

7.      Further, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that there is complete diversity of citizenship of the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

8.      Venue in this District is proper because Santander transacts business in this District and the Contract was entered into in this District.

## FACTS

9.      Elmo Moore has designated Loretta Moore as his attorney-in-fact.

10.      On June 21, 2008, the Moores entered into a Retail Installment Contract with Nissan Motor Acceptance Corporation for the purchase of a 2007 Nissan Altima.

11.      The Contract includes a precomputed finance charge of $15,738.09 and a total of payments of $41,911.20 to be paid over 72 payments of $582.10.

12.      The Contract further provides that "no modification of [it] shall be valid unless it is made in writing and signed by [the Moores and Nissan Motor Acceptance Corporation or its assignee]...."

13.      The Contract was immediately assigned to CitiFinancial Auto Corporation.

2

14.     On April 17, 2009, CitiFinancial Auto Corporation sent the Moores an Amendment Agreement, which purported to temporarily lower the Moores' payment amount, add a new interest rate onto the precomputed finance charge, and otherwise modify the Contract.

15.     The Amendment Agreement did not contain disclosures of the total finance charge, time price differential, principal balance, annual percentage rate, or total obligation under the purported Agreement.

16.     Neither CitiFinancial Auto Corporation nor Elmo Moore signed the Amendment Agreement.

17.     The Contract was assigned to Santander on or about September 6, 2010.

18.     When the Contract was assigned to Santander, Santander did not consider the account to be in default.

19.     On July 6, 2015, Santander sent a letter to the Moores, which claimed that they were in default and owed $7,427.71 by July 19, 2015.

20.     As of July 6, 2015, the Moores were not in default.

21.     As of July 6, 2015, the Moores had paid $41,744.05 on the Contract.

22.     On August 5, 2015, the Moores sent Santander a letter, in which they disputed the validity of the debt claimed by Santander.

23.     To date, Santander has not contacted the Moores in response to that letter.

24.     Instead, on or about September 29, 2015, Santander caused the Moores' vehicle to be repossessed.

25.     In response to phone calls from the Moores to Santander, Santander representatives acknowledged that the company received the Moores' August 5, 2015 letter disputing the validity of the debt.

26.     On October 1, 2015, counsel for the Moores sent a letter to Santander, which again disputed the alleged debt, demanded return of the Moores' vehicle, and requested production of any documentation that supported the validity of the alleged debt.

27.     To date, Santander has not responded to that letter.

28.     On or about October 9, 2015, the Moores received a letter from Santander dated October 1, 2015, which notified the Moores that their vehicle would be sold at a private sale "sometime after 10/14/2015," but did not include a specific date, location, or time.

29.     On October 1, 2015, Santander knew or should have known that the Moores were represented by counsel.

30.     On December 7, 2015, Santander sent to the Moores a letter stating that their vehicle was sold on November 13, 2015.

31.     Upon information and belief, Santander's claims that the Moores were in default, Santander's repossession of the Moores' vehicle, and Santander's sale of the Moores' vehicle were based on amounts that accrued as a result of the Amendment Agreement.

32.     Upon information and belief, the Amendment Agreement constitutes violations of KRS 190.110, KRS 371.210, *et seq.*, the Truth in Lending Act ("TILA"), 15 U.S.C. 1601, *et seq.*, and TILA's accompanying regulations.

33.     As a consequence of Santander's conduct as described above, the Moores have been damaged in an amount to be determined at trial.

## COUNT 1:
## WRONGFUL REPOSSESSION

34.     The Moores incorporate by reference the allegations previously set forth in this Complaint.

35.    Because the Moores were not in default and/or did not owe the debt claimed by Santander, Santander's conduct in towing the Moores' vehicle or cause it to be towed constitutes violations of KRS 355.9-601, *et. seq.*

36.    As a result of Santander's conduct, the Moores have suffered injury and damages in an amount to be determined at trial.

**COUNT 2:**
**CONVERSION**

37.    The Moores incorporate by reference the allegations previously set forth in this Complaint.

38.    The Moores had legal title to the vehicle when Santander towed it or caused it to be towed.

39.    The Moores had the vehicle in their possession when Santander towed it or caused it to be towed.

40.    Santander exercised dominion over the vehicle in a manner that denied the Moores the right to use or enjoy the vehicle and allowed Santander to use and enjoy the vehicle.

41.    Santander intended to interfere with the Moores' possession of the vehicle.

42.    The Moores demanded return of the vehicle, which Santander refused without payment.

43.    Santander's conduct caused the Moores to lose the vehicle.

44.    As a result of Santander's conduct, the Moores have suffered injury and damages in an amount to be determined at trial.

## COUNT 3:
## DECLARATORY JUDGMENT

45.     The Moores incorporate by reference the allegations previously set forth in this Complaint.

46.     A dispute has arisen concerning the parties' rights and obligations under their contract.

47.     An actual case and controversy exists between the Moores and Santander

48.     Accordingly, the Moores request that this Court enter a declaratory judgment on an expedited basis, pursuant to 28 U.S.C. § 2201, declaring that contract is unenforceable and that Santander may take no actions to collect from the Moores on the contract, including but not limited to making any credit reports regarding the contract.

49.     The Moores further requests this Court docket this matter for an early hearing pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57.

## PRAYER FOR RELIEF

Wherefore, the Moores demand relief against Santander as follows:

a.      Entry of a Judgment against Santander to compensate the Moores for damages to which they are entitled, including but not limited to actual, compensatory, statutory and punitive damages;

b.      Interest on all of the aforementioned amounts at the maximum rate and for the maximum duration allowed by applicable law;

c.      Trial by jury on all issues so triable;

d.      An award of attorney's fees and costs herein incurred;

e.      Any and all other relief to which the Moores may be entitled, including the right

to amend this Complaint to add additional claims or additional parties after conducting

appropriate discovery.

Respectfully submitted,

CRAIG HENRY PLC
James Craig
Aaron J. Bentley

/s/ Aaron J. Bentley_____
239 S. Fifth Street, Suite 1400
Louisville, Kentucky 40202
Telephone: (502) 614-5962
Facsimile: (502) 614-5968
jcraig@craighenrylaw.com
abentley@craighenrylaw.com

*Counsel for Loretta Moore, Individually,*
*and as Attorney-in-Fact for Elmo Moore*